**In re Urinda JIMENEZ and Marcelo Jimenez, Relators.**

**No. 01–99–00706–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 21, 1999.

John P. Leibowitz, Thomas J. Leibowitz, Todd W. Phares, Leibowitz & Leibowitz, L.L.P., Stafford, for Relators.

Michele R. Keating, Houston, for Real Parties in Interest.

Panel consists of Chief Justice SCHNEIDER and Justices TAFT and PRICE.*

## OPINION

TIM TAFT, Justice.

The relators and plaintiffs, Urinda Jimenez and Marcelo Jimenez, complain about the May 27, 1999 order of Judge Chambers,[1] which held that the relators were not entitled to obtain "the witness statements of Defendants, related to this case, as they are not discoverable."

The essential facts relating to this mandamus proceeding are not in dispute. On January 20, 1998, a vehicle in which Urinda Jimenez was riding and one driven by real party in interest and defendant, Gha-

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. The Honorable Eugene Chambers, judge of the County Civil Court at Law No. 1 of Harris County, Texas. The underlying lawsuit is *Urinda Jimenez and Marcelo Jimenez v. Ghasoub Srour, John Srour, Individually and John Srour d/b/a G–2*, trial court cause no. 708,294.

soub Srour (also known as John Srour), collided. On January 21, 1998, Srour's insurer received a letter from an attorney for Urinda asserting a right to share in the proceeds of the policy.

The Jimenezes later sued Srour. In January 1999, they served on him a request for disclosure of information and material under TEX.R. CIV. P. 194.2.[2] Rule 194.2(i) provides that such information includes "any witness statements described in Rule 192.3(h)." On May 25, 1999, Srour served upon the Jimenezes his supplemental response to their request for disclosure. Among other things, the response stated: "Pursuant to Rule 193.3(a) of the Texas Rules of Civil Procedure, Defendant states that he is withholding his own recorded statement as privileged under the work product privilege."

The Jimenezes filed a motion to compel. After a hearing, Judge Chambers denied their motion, as set forth in his May 27, 1999, order described above.

The Jimenezes maintain that Judge Chambers abused his discretion when he denied their motion because

(1) under TEX.R. CIV. P. 194.2(i), a witness statement is discoverable, and under TEX.R. CIV. P. 192.3(h), a witness statement is discoverable regardless of when it was made; and

(2) under TEX.R. CIV. P. 192.5(c)(1), a witness statement is not work product protected from discovery; and

(3) under TEX.R. CIV. P. 194.5, no objection or assertion of work product is permitted to a request for disclosure under TEX.R. CIV. P. 194.2.

Srour responds that his statement, made to his insurance carrier, constitutes work product, was made in anticipation of litigation, and is not discoverable under TEX.R. CIV. P. 192.5(a) and (b)(2) and TEX.R. CIV. P. 192 cmts. 8 & 9.[3]

A "witness statement" is either (1) a written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcription of such a recording. TEX.R. CIV. P. 192.3(h). The witness statement in question[4] was not presented to the trial court and has not been provided to this Court,[5] but it is uncontroverted that it is such a witness statement.

The new discovery rules provide two definitions for work product, only one of which is applicable here:

2. The parties do not dispute that the "new" discovery rules, those that were promulgated by the Supreme Court of Texas effective January 1, 1999, apply to this discovery dispute. *See* Order of Approval of the Revisions to the Texas Rules of Civil Procedure, Misc. Docket No. 98–9136 (Tex. Aug. 4, 1998), *printed in* 61 TEX. BAR J. 752 (Sept.1999), *as amended by* Order of Approval of the Revisions to the Texas Rules of Civil Procedure, Misc. Docket No. 98–9196 (Tex. Nov. 9, 1998), *printed in* 61 TEX. BAR J. 1140 (Dec.1998), *as amended by* Order Approving Technical Corrections to the Revisions to the Texas Rules of Civil Procedure, Misc. Docket No. 98–9224 (Tex. Dec. 31, 1998), *printed in* 62 TEX. BAR J. 115 (Feb. 1999).

3. The notes and comments to the new discovery rules are "intended to inform the construction and application of these rules." *See*

Order Approving the Revisions to the Texas Rules of Civil Procedure, Misc. Docket No. 98–9136 (Tex. August 4, 1998), *printed in* 61 TEX. BAR J. 752 (Sept.1998).

4. It is unknown whether the witness statement in question is under rule 192.3(h)(1) or rule 192.3(h)(2), and any such distinction is unimportant.

5. A review of the reporter's record from the hearing on the Jimenezes' motion to compel indicates that Srour's statement to his insurance carrier was not introduced into evidence or submitted for the in camera review of Judge Chambers. Furthermore, Judge Chambers denied the motion of the Jimenezes that Srour's statement be filed and sealed and made a part of the record.

(a) *Work Product Defined.* Work product comprises:

(2) a communication made in anticipation of litigation ... between a party and the party's representatives ... including the party's ... insurers. . . .

Tex.R. Civ. P. 192.5(a)(2). Rule 192.5(b)(2) provides that such work product[6] is discoverable only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the material by other means. Tex.R. Civ. P. 192.5(b)(2).

■ However, there are five types of information or documents that, even if prepared in anticipation of litigation, are not considered "work product" and are not protected from discovery. Tex.R. Civ. P. 192.5(c). They include "information discoverable under Rule 192.3 concerning witness statements." Tex.R. Civ. P. 192.5(c)(1). Given rule 192.5(c) and the undisputed fact that Srour's statement is a "witness statement," the Court is unable to conclude that Srour's statement is "work product" and protected from discovery. *See In re Team Transport, Inc.,* 996 S.W.2d 256, 259 (Tex.App.—Houston [14th Dist.] 1999, orig. proceeding) (witness statements are not work product even if made in anticipation of litigation).

Nonetheless, Srour asserts that under comment 9 to rule 192, "[e]limination of the 'witness statement' exemption does not render all witness statements automatically discoverable but subjects them to the same rules concerning the scope of discovery and privileges applicable to other documents or tangible things." Srour points out that Tex.R. Civ. P. 192.5(a)(2) defines work product to include "a communication made in anticipation of litigation ... be-tween a party and the party's representatives ... including the party's ... insurers." Srour states that comment 9 is in contravention of rule 192.5(c) and implies that comment 9 trumps rule 192.5(c). In circumstances like these, when the only privilege asserted is "work product" and when rule 192.5(c) plainly states that a witness statement, even if made in anticipation of litigation, is not work product protected from discovery, the Court rejects Srour's argument.

■ The Court concludes that Judge Chambers abused his discretion when he denied the Jimenezes' motion to compel production of Srour's statement to his insurance carrier, despite the dictates of rule 192.5(c). *See Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992) (mandamus issues to correct a clear abuse of discretion or the violation of a duty imposed by law). The remedy of appeal is inadequate, where, as here, the trial court has disallowed discovery and refuses to make the missing discovery part of the record. *See id.* at 843 (remedy by appeal may be inadequate where trial court disallows discovery and trial court after proper request refuses to make it part of record).

Accordingly, we conditionally grant the relators' petition for writ of mandamus and direct Judge Chambers to vacate his order of May 27, 1999, denying the Jimenezes' amended motion to compel discovery responses from defendant to the extent that it denies production to the Jimenezes of Srour's statement to his insurance carrier.

We are confident that Judge Chambers will promptly comply with our opinion. The writ will issue only if he does not.

---

6. The work product not included under the dictates of Tex.R. Civ. P. 192.5(b)(2) is "core work product—attorney mental processes." *See* Tex.R. Civ. P. 192.5(b)(1). "Core work product," which is not discoverable, is not at issue in this proceeding.