**Bernard J. DOLENZ, Appellant,**

v.

**THE STATE BAR OF TEXAS, Appellee.**

No. 05–00–01413–CV.

Court of Appeals of Texas, Dallas.

Nov. 7, 2001.

Rehearing Overruled Jan. 24, 2002.

Jack Thomas Jamison, Godwin and Gruber, P.C., Dallas, for appellant.

Bernard J. Dolenz, Forrest City, AR, pro se.

James D. Blume, Dallas, for appellee.

Before Justices KINKEADE, RICHTER, and FRANCIS.

## OPINION

MARTIN RICHTER, Justice.

In this disciplinary action against an attorney, Bernard J. Dolenz appeals the trial court's judgment in favor of the State Bar of Texas ("the Bar"). The trial court disbarred Dolenz as an attorney in Texas. In seven points of error, Dolenz contends the trial court erred in rendering this judgment. We disagree, affirm the trial court's judgment, and publish this opinion as directed by Texas Rule of Disciplinary Procedure 6.06. *See* Tex.R. Disciplinary P. 6.06, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G. app. A–1 (Vernon 1998).

### Background

The Bar filed a disciplinary action against Dolenz for conduct associated with one of his clients, Dmitri Vail. After a jury found Dolenz committed unethical conduct, the trial court rendered a judgment notwithstanding the verdict in favor of Dolenz, and the Bar appealed. This Court reversed the trial and reinstated the jury verdict. We remanded the case to the trial court for a determination of sanctions. On remand, the trial court concluded Dolenz should be disbarred and ren-

dered judgment accordingly. This appeal followed.

### DISCUSSION

In point of error one, Dolenz contends the trial court erred in admitting testimony from witnesses, Justice Ted Akin and John Boundy, who were not identified in discovery responses.

■ A party who fails to respond to or supplement his response to a discovery request shall not be entitled to offer testimony of a witness having knowledge of a discoverable matter unless the trial court finds good cause sufficient to require admission or determines the other party will not be unfairly surprised or prejudiced. TEX.R. CIV. P. 193.6(a). The burden to establish good cause or lack of surprise is on the party offering the witness. TEX.R. CIV. P. 193.6(b). The trial court has discretion to determine whether the offering party met this burden. *Alvarado v. Farah Mfg. Co., Inc.*, 830 S.W.2d 911, 914 (Tex. 1992). Even if the offering party does not carry this burden, the trial court may grant a continuance or temporarily postpone the trial to allow a response and to allow opposing parties to conduct discovery regarding any new information. TEX.R. CIV. P. 193.6(c).

■ During the punishment phase of the trial, the Bar offered Justice Akin and Boundy as witnesses. Dolenz objected, contending the witnesses should be excluded because the Bar did not identify them in response to discovery. In an interrogatory, Dolenz requested the identity of persons "having knowledge of any facts asserted in the petition." As good cause for not identifying Justice Akin and Boundy as witnesses, the Bar contended these witnesses did not have knowledge *of any facts asserted in the petition* and, therefore, the identity of these witnesses was not responsive. The trial court determined the petition "did not address any facts set forth about the punishment." Therefore, the court permitted Boundy to testify about facts relevant to punishment only and excluded any testimony regarding facts alleged in the petition. In addition, the trial court ordered a continuance of the case to allow Dolenz to depose Justice Akin before allowing him to testify regarding punishment. We must determine whether permitting these two witnesses to testify constituted an abuse of discretion. *See Alvarado*, 830 S.W.2d at 914.

The interrogatory requested only the identification of witnesses "having knowledge of any facts asserted in the petition." The phrasing of the interrogatory focused solely on facts asserted in the petition, which included only information regarding Dolenz's conduct with Vail, one of his clients, warranting disciplinary action. However, the punishment phase of the trial included consideration of facts outside of the petition, including assuring that those who seek legal services will be insulated from unprofessional conduct, avoiding repetition, deterring others, and maintaining respect for the legal profession, among other factors. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 3.10. This phase of the trial necessarily included evidence unrelated to Dolenz's conduct with Vail and, therefore, included facts outside of the petition. In addition, we note the trial court limited evidence to facts outside of the petition and also provided a continuance in order to allow the deposition of Justice Akin. Based on these facts, we conclude the trial court did not abuse its discretion in allowing Justice Akin and Boundy to testify. We overrule Dolenz's first point of error.

In Dolenz's second point of error, he contends the trial court erred in basing its judgment on the testimony of Justice Akin

and Boundy. The argument for this point contains a rambling recitation of facts not in evidence. The following excerpt is Dolenz's own summary of his argument:

> In sum, Akin and Boundy are not credible witnesses as they have revenge speaking through their spewing poisonous lips—a continuous sewer of lies, backed up with immoral and unethical behavior, vicious character assassinations, ever present spinning, law breaking and arrogance. Both are a disgrace to the legal profession and sullies [sic] the reputation and the dignity of the judiciary. Those judges who cover-up for these witnesses are even more slimy and flagitiously corrupt.

Dolenz's contentions attempt to counter the evidence presented by Justice Akin and Boundy, but Dolenz does not cite to any record references, and we find nothing in the record to indicate he offered this "evidence" or made these arguments to the trial court. Therefore, we conclude Dolenz has waived this issue. *See* Tex. Rs.App. P. 33.1(a), 38.1(h).

■ In Dolenz's third point of error, he contends the case should be dismissed or abated because "the complaintant [sic] Dmitri Vail" died. This action was instituted by the Bar, not by Vail, and therefore, the death of Vail has no bearing on the continuation of this lawsuit. *See generally* Tex.R. Civ. P. 150 (dealing only with the death of a *party*). We overrule Dolenz's third point of error.

■ In point of error five, Dolenz contends the trial court erred in taking judicial notice of certain appellate court opinions involving him as a party. Dolenz first argues there is no evidence that he personally filed briefs on his own behalf with respect to those appeals. Dolenz cites us to no record references, and we find nothing to indicate he made this argument to the trial court. Therefore, we conclude he

has waived this argument for appeal purposes. *See* Tex. Rs.App. P. 33.1(a), 38.1(h).

■ Dolenz next contends the appellate opinions are irrelevant and any information regarding his previous conduct is barred by res judicata. In this regard, we note that res judicata bars relitigation of claims that have been finally adjudicated. *See Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex.1996). However, in this case, Dolenz's conduct was not being relitigated. Therefore, we conclude the doctrine of res judicata is not appropriate in this case. We overrule point of error five. In addition, to the extent Dolenz's second point of error contains similar res judicata arguments, we likewise overrule that portion of point two.

■ In point of error six, Dolenz complains of certain findings of fact. However, Dolenz makes no argument in relation to this point of error, cites no record references, and cites no case law. Therefore, Dolenz has also waived this point of error. *See* Tex. Rs.App. P. 33.1(a), 38.1(h).

In Dolenz's fourth and seventh points of error, he adopts the arguments in point two as support and provides no further argument. Having already concluded Dolenz waived error by not presenting appropriate argument and record references in point two, we likewise conclude Dolenz waived any error asserted in points four and seven. *See* Tex. Rs.App. P. 33.1(a), 38.1(h).

Finally, we note that a page in the Bar's brief is entitled "Appellee's Motion to Strike." The Bar contends Dolenz makes references to matters that are not in the record. To the extent this constitutes a motion, it does not comply with the Texas Rules of Appellate Procedure. *See* Tex. R.App. P. 10. However, to the extent Dolenz's brief contains facts not in evidence,

we have addressed those matters in this opinion.

Having overruled all of Dolenz's points of error, we conclude the trial court did not err in rendering judgment disbarring Dolenz. We affirm the trial court's judgment.