NUMBER 13-03-00369-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

ELISA GOMEZ, INDIVIDUALLY AND AS

REPRESENTATIVE OF ALL THE HEIRS

OF FIDEL GOMEZ AND OF THE ESTATE

OF FIDEL GOMEZ, ALEXIAS FIDEL GOMEZ,

AND AURELIO ARCHANGEL GOMEZ,                                         Appellants,

 

                                                             v.

 

H. YTURRIA LAND & CATTLE
COMPANY,                                     Appellee.

 

    On appeal from the 197th District Court of Willacy County,
Texas.

 

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 








This appeal results from a jury verdict in a
wrongful death suit.  Appellants, Elisa
Gomez, individually and as representative of all the heirs of Fidel Gomez and
of the Estate of Fidel Gomez, Alexias Fidel Gomez, and Aurelio Archangel Gomez,
filed suit under the Texas Wrongful Death Act[1]
against appellee, H. Yturria Land & Cattle Company, for the death of Fidel
Gomez.  A jury returned a verdict against
appellants, and the trial court signed a judgment that appellants take nothing
against appellee.  In four issues,
appellants contend the trial court committed harmful and reversible error by
allowing appellee to amend its designation of experts and by admitting the
death certificate and pathology report into evidence.  We affirm.

Because the issues of law presented by this
case are well settled and the parties are familiar with the facts, we will not
recite the law and facts in this opinion except as necessary to advise the
parties of our decision and the basic reasons for it.  See Tex.
R. App. P. 47.4.

A.  Standard of Review








It is well settled that we review a trial
court's decisions on the admission or exclusion of evidence only to determine
if the trial court abused its discretion by acting without regard for any
guiding rules or principles.  Exxon
Pipeline Co. v. Zwahr, 88 S.W.3d 623, 629 (Tex. 2002); Gammill v. Jack
Williams Chevrolet, 972 S.W.2d 713, 718-19 (Tex. 1998); Matagorda County
Hosp. Dist. v. Burwell, 94 S.W.3d 75, 81-82 (Tex. App.BCorpus Christi 2002, pet. filed).  A challenge to a trial court=s evidentiary rulings will be successful
only if, after a review of the entire record, we determine that the error was
harmful in that the judgment turns on the particular evidence excluded or admitted.
 City of Brownsville v. Alvarado,
897 S.W.2d 750, 753-54 (Tex. 1995).  We
will not reverse a trial court=s judgment for erroneous rulings on
admissibility of evidence when the evidence in question is cumulative and not
controlling on a material issue dispositive to the case.  Tex. Dep=t of Transp. v. Able, 35 S.W.3d 608, 617 (Tex. 1999) (citing Gee
v. Liberty Mut. Fire Ins. Co., 765 S.W.2d 394, 396 (Tex. 1989)).

B.  Death Certificate

In their third issue, appellants contend the
trial court erred by admitting into evidence the death certificate of Fidel
Gomez. 








The Texas Health and Safety Code provides
that A[a] copy of a birth, death, or fetal death
record registered under this title that is certified by the state registrar is
prima facie evidence of the facts stated in the record.@  Tex. Health & Safety Code Ann. ' 191.052 (Vernon 2001).  Applying section 191.052, Texas courts have
specified that a recitation in a death certificate regarding the cause of death
constitutes prima facie evidence that is subject to rebuttal.[2]  See Stroburg v. Ins. Co. of N. Am.,
464 S.W.2d 827, 829 (Tex. 1971) (noting that recitation in death certificate as
to cause of death constituted prima facie evidence that condition stated
contributed to insured=s death); Hinojosa v. Columbia/St. Davids
Healthcare Sys. L.P., 106 S.W.3d 380, 387 (Tex. App.BAustin 2003, no pet.) (finding that
statement in death certificate that infant survived for twenty minutes after
birth constituted prima facie evidence to defeat summary judgment); Continental
Cas. Co. v. Fountain, 257 S.W.2d 338, 343 (Tex. Civ. App.BDallas 1953, writ ref=d) (finding death certificate was certified
by state registrar and was, therefore, prima facie evidence that decedent died
of cancer).  

The record shows that Fidel Gomez=s death certificate was certified by the
state registrar, thereby meeting the requirements of section 191.052 of the
Texas Health and Safety Code.  We hold
that Fidel Gomez=s death certificate was properly admitted
into evidence as prima facie evidence of the cause of death stated
therein.  Appellants= third issue is overruled.  

C.  Pathology Report 

In their second issue, appellants contend
the trial court erred in admitting the pathology report into evidence.  

The pathology report contains essentially
the same findings stated in the death certificate.  The record shows that appellants= expert read and relied upon the pathology
report and death certificate in formulating his opinion.  The contents of both documents were properly
disclosed on cross-examination without objection or request for a limiting
instruction.  See Tex. R. Evid. 705(a), (d); see also
Kerr‑McGee Corp. v. Helton, 133 S.W.3d 245, 252 (Tex. 2004). 

After reviewing the record, we conclude that
the information contained in the pathology report is cumulative of other
evidence properly admitted.  See Tex.
Dep=t of Transp., 35 S.W.3d at 617.  Therefore, any possible error by the trial
court in admitting the report is harmless. 
Appellants= second issue is overruled.

D.  Supplementation of Discovery








In their fourth issue, appellants contend
the trial court erred in allowing appellee to supplement its discovery
responses so that it could designate DeWitt Davenport and Justice of the Peace
Oscar de la Fuente as expert witnesses.  

If a party fails to timely supplement a discovery
response, see Tex. R. Civ. P. 193.5,
the testimony of the witness is automatically excluded unless the court finds
that (1) there was good cause, or (2) it will not unfairly surprise or unfairly
prejudice the other parties.  Alvarado
v. Farah Mfg. Co., 830 S.W.2d 911, 913-14 (Tex. 1992); Burwell, 94
S.W.3d at 81-82 (citing Morrow v. H.E.B., Inc., 714 S.W.2d 297, 298
(Tex. 1986)); Tex. R. Civ. P.
193.6 (a).  

We have already determined that the
admissibility of the death certificate and pathology report were not dependant
upon the qualification of Davenport or de la Fuente as experts,[3]
and our review of the record shows that neither witness was called to testify at
trial.  Accordingly, we hold that any
possible error by the trial court in allowing appellee to supplement its
discovery response was harmless. 
Appellants= fourth issue is overruled. 

The judgment of the trial court is
affirmed.  

 

FEDERICO G. HINOJOSA

Justice

 

 

Memorandum
Opinion delivered and filed this

the
18th day of August, 2005.











[1]
Tex.
Civ. Prac. & Rem. Code Ann. ' 71.001 et seq. (Vernon
1997 & Supp. 2004-05). 





[2] Appellants argue that the
death certificate recitation that A[t]he cause of death should be considered to be
hypertensive cardiovascular disease@ constitutes an expert opinion; thus, the death certificate
should not have been admitted without the author of the opinion having been
properly qualified as an expert. 
However, Texas courts have distinguished between Afacts stated therein@ and opinions only in
regards to findings of suicide or accident contained in a death certificate,
and are split regarding the proper treatment of such findings.  See generally Tex. Workers= Comp. Comm=n v. Wasau Underwriters
Ins., 127
S.W.3d 50, 60 n.9 (Tex. App.BHouston [1st Dist.] 2003,
pet. denied) (discussing differing treatment of findings of accident or suicide
as facts or opinions and listing cases). 





[3]
In their first issue,
appellants contend that the death certificate and pathology report constitute
written expert opinions and should have been excluded for failing to meet the
requirements established in E.I. du Pont de Nemours v. Robinson, 923
S.W.2d 549 (Tex. 1995) and Merrill Dow Pharm. v. Havner, 953 S.W.2d 706
(Tex. 1997), for expert testimony. 
Because we have upheld the admission of both documents on other grounds,
it is unnecessary to address this issue. 
See Tex. R. App. P.
47.1.