**John SNIDER and Yarbrough's Dirt Pit, Inc., d/b/a Yarbrough's Material and Construction, Appellants,**

v.

**Elizabeth Ann STANLEY and Ronnie Lee Stanley, Sr., Appellees.**

No. 09–00–264 CV.

Court of Appeals of Texas, Beaumont.

Submitted April 26, 2001.

Decided May 17, 2001.

As Corrected May 31, 2001.

Gordon A. Holloway, Kyle M. Rowley, Holloway & Rowley, P.C., Houston, for appellant.

Ethan L. Shaw, Moore Landrey, L.L.P., Beaumont, for appellee.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

WALKER, Chief Justice.

Elizabeth Ann Stanley and her husband, Ronnie Lee Stanley, Sr., sued John Snider and his employer, Yarbrough's Dirt Pit, Inc., d/b/a Yarbrough's Material and Construction, for personal injuries received in a 1998 motor vehicle collision. The Stanleys alleged the collision was proximately caused by Snider's negligence in parking a dump truck on the side of State Highway 326, blocking Elizabeth Stanley's view of an intersection. Stanley entered the intersection and struck a logging truck. The location of Snider's dump truck, and whether it blocked Stanley's view of the intersection, were contested issues at trial. The jury allocated negligence 49% to Stanley and 51% to Snider. The trial court entered judgment for Elizabeth Stanley in the amount of $1,009,487.25. The six issues presented on appeal by Snider and Yarbrough all relate to the exclusion of the testimony of their accident reconstruction specialist, William Nalle.

▮ Issue one asks if Nalle was timely designated as an expert witness. Interrogatories requesting identification of experts and a request for production of the expert's report were made in November 1998. In January 1999, following the 1999 revisions to the Texas Rules of Civil Procedure, the Stanleys served Snider with a request for disclosure under Rule 194. *See* TEX.R. CIV. P. 194. Yarbrough was not served with a request for disclosure, but the earlier interrogatories and request for production included a request for discovery of the identity of Yarbrough's experts and their reports. The appellants disclosed Nalle in discovery responses on January 6, 2000. As a telephonic document transfer occurred after 5:00 p.m., the disclosure was made thirty days before trial. *See* TEX.R. CIV. P. 21a.

The appellants' first issue asks, "Was Nalle timely designated as an expert witness?" The rules provide for a mandatory schedule for designation of experts. Unless the court orders to the contrary, the party seeking affirmative relief must designate 90 days before trial. All other parties must designate 60 days before trial. *See* TEX.R. CIV. P. 195.2. Snider's initial response to the request for disclosure was untimely. On the other hand, the supplemental responses to the interrogatories and requests for production are governed by Rule 193.5(b). "An amended or supplemental response must be made reasonably promptly after the party discovers the necessity for such a response." TEX.R. CIV. P. 193.5(b). It is presumed that response made within thirty days of trial is not reasonably promptly made. *Id.* Yarbrough's response, made thirty days before trial, is not subject to the presumption. The appellants argue that the opposite presumption applies, that is, the supplementation was made reasonably promptly. We disagree. Had such a presumption been intended, it would have been incorporated into the rules.

▮ Next, the appellants inquire, "If Nalle was not timely designated, was the supplementation of his designation done reasonably promptly after determining the necessity to do so?" A party who fails to timely make, amend, or supplement a discovery response may not offer the testimony of a non-party witness who was not timely identified, unless the court finds that (1) there was good cause for the failure, or, (2) the failure will not unfairly surprise or prejudice the other parties. TEX.R. CIV. P. 193.6(a). The burden was on Snider and Yarbrough. TEX.R. CIV. P. 193.6(b).

Under the 1998 version of the rules of civil procedure, the party seeking exclusion had the burden of production on the

issue of whether the designation had been made "as soon as practical." *Mentis v. Barnard*, 870 S.W.2d 14, 16 (Tex.1994). Assuming that the burden of production remains on the party seeking exclusion of evidence produced in supplemental responses filed more than thirty days before trial, on the grounds that the supplementation was not made reasonably promptly, we hold the appellees met that burden.

The Stanleys disclosed their experts and produced the experts' reports before the initial trial setting. That October 1999 trial setting passed for mediation. The appellants deposed the Stanleys' accident reconstruction expert, Joseph Hinton, on October 26, 1999. On November 1, 1999, the trial court reset the trial for February 7, 2000. The mediator reported the failure of mediation to the trial court on November 9, 1999. Therefore, by early November the parties knew the case would be tried on February 7 and the plaintiffs' experts had been designated and deposed. The appellants' counsel first contacted Nalle on December 1, 1999. Nalle started billing the appellants with a telephone contact with newly retained lead counsel on December 13, 1999.[1] Nalle visited the accident scene on December 27. At the hearing on the motion to strike, counsel informed the trial court that the only excuse for not going to the scene sooner was that it was during the Christmas holiday period.[2] Counsel explained he did not want to designate Nalle until he saw Nalle's report. Nalle transmitted his report to the appellants' counsel on January 7. According to the appellants, they designated Nalle the very day they decided to use him as a testifying expert. The report was mailed on January 8, and received by the Stanleys on January 10.

The appellants rely upon *Mentis v. Barnard*, 870 S.W.2d at 16, to support their position that the duty to disclose Nalle's identity did not attach until the appellants expected to call him as a testifying expert. *Mentis v. Barnard* was decided under the former version of the Rules of Civil Procedure. Former Rule 166b(6)(b) stated the duty to supplement arose "[i]f the party expects to call an expert witness...." That phrase was criticized in *Mentis v. Barnard* and omitted from the revised rules. Under the version of the rules in effect in 1999, a testifying expert is any expert who *may* be called to testify as an expert witness at trial. Tex.R. Civ. P. 192.7(c).[3] Texas Rule of Civil Procedure 195 contemplates supplementing written discovery and making an expert available for deposition if he is "retained by, employed by, or otherwise in the control of the party...." Tex.R. Civ. P. 195.3(b), 195.6. The appellants did not designate Nalle as soon as he was retained, employed, or otherwise in their control. Instead, they waited until thirty days before trial. We hold the trial court did not abuse its discretion in finding Yarbrough and Snider did not supplement their discovery responses "reasonably promptly."[4]

---

1. The appellants filed the changed designation of counsel on January 6, 2000.

2. In his bill of exception, Nalle explained that he had shoulder surgery on December 15, and did not feel well enough to visit the scene until after Christmas.

3. It goes without saying that Nalle was a testifying expert, or the appellants would not be complaining about the exclusion of his testimony.

4. Our analysis applies equally to Yarbrough's and Snider's supplementation of their requests for interrogatories and requests for production. Even if Snider's supplemented discovery had been reasonably prompt, lack of timeliness on Snider's part is established by his failure to meet the 60 day deadline for his initial Rule 194 disclosure.

■ The appellants ask, "If Nalle was not timely designated, was his designation supplemented as soon as practical?" The appellants suggest the new rules apply, and we agree. An amendment of supplementation made prior to January 1, 1999, need not comply with the new rules. Tex. Sup.Ct. Misc. Docket No. 98–9196(4)(d)(Nov. 9, 1998). Snider's initial Rule 194 disclosure was made under the new rules. Snider and Yarbrough supplemented the interrogatories and requests for production after the effective date of the revisions, so the new rules apply to the supplemented discovery.

■ Next, the appellants inquire, "Assuming Nalle was not timely designated and further that he was not designated either reasonably promptly after the necessity for supplementation or as soon as practical, was there good cause for the failure to timely designate Nalle **or** was Stanley unfairly surprised or prejudiced by any failure to timely make or supplement the discovery designation?" Snider allowed the Rule 194 deadline to pass, having done nothing more than make his initial contact with Nalle. Yarbrough waited until the day before it would trigger the presumption of unreasonableness, in spite of the fact that Nalle was already charging the appellants for his services. The reason for the delay in disclosure lay with counsel's understandable desire to know what Nalle's opinions were before he was designated.[5] Although the appellants could attribute the delay in Nalle's visit to the accident scene to Nalle's recuperation from surgery, they failed to explain why they waited until fifty-six days before trial to even ask Nalle to visit the accident scene when the discovery had been outstanding for a year. Furthermore, although designating Nalle before the report had been prepared might have had adverse consequences, the trial court could have rejected their strategic decision as an inadequate excuse for continuing to hide Nalle's presence in the case. It was not an abuse of discretion for the trial court to fail to find there was good cause for the failure to timely designate Nalle. *See* Tex.R. Civ. P. 193.6(a)(1),(b).

■ In one case relied upon by the appellants, a lack of unfair surprise was established because the opposing party had listed the witness in question in his own discovery responses. *Rutledge v. Staner*, 9 S.W.3d 469, 472 (Tex.App.—Tyler 1999, pet. denied). In the other case cited in their brief, the opposing party was not unfairly surprised because the expert in question had been designated in a different discovery response. *Elliott v. Elliott*, 21 S.W.3d 913, 921 (Tex.App.—Fort Worth 2000, pet. denied). In this case, Nalle's identity was disclosed to the Stanleys for the first time on January 7, 2000, and they did not have physical possession of his report until January 10. The appellants argue that the Stanleys were aware of the importance of an accident reconstructionist because they, too, retained one. We are not sure what to make of this argument, other than it seems to suggest that the Stanleys should have anticipated the appellants would suddenly disclose the identity of its expert on the eve of trial because the issues an expert would testify to would be of vital importance to the case. The rules were revised to make that sort of anticipation unnecessary.

The Stanleys did have the opportunity to depose Nalle, on February 2, 2000.

---

5. Counsel advised the court, "[P]arties don't like to designate an expert until they know what his opinions are because then they run into the argument that you designated this expert before he had done any investigation because you knew he was going to testify for you, and they attack the expert's credibility in that manner."

Nalle's deposition testimony was far more expansive than his report. The trial court did not abuse its discretion. *See* TEX.R. CIV. P. 193.6(a)(2),(b).

■ The appellants contend that the trial court erred in failing to grant their motion for continuance. "Even if the party seeking to introduce the evidence or call the witness fails to carry the burden under [Rule 193.6] paragraph (b), the court *may* grant a continuance or temporarily postpone the trial to allow a response to be made, amended, or supplemented, and to allow opposing parties to conduct discovery regarding any new information presented by that response." TEX.R. CIV. P. 193.6(c) (emphasis added). At the time the motion was presented, the parties had announced ready and the venire had been impaneled. The trial court's denial of a motion for continuance will not be disturbed unless the record demonstrates a clear abuse of discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex.1986). The exclusion of Nalle's testimony did not prevent the appellants from presenting their defense, nor were they prevented from rebutting any expert testimony from an expert for the appellees. We find no abuse of discretion in the denial of a continuance.

■ Finally, the appellants ask, "Was the exclusion of Nalle's testimony harmful error?" The appellants argue that the trial court should have at least allowed Nalle to testify as a fact witness regarding the photographs Nalle took during his investigation of the accident scene. Nalle was not named as a fact witness in response to discovery. The trial court did not abuse its discretion by not allowing Nalle to testify as such.

We find no error. Accordingly, the judgment is affirmed.

AFFIRMED.