Western Atlas & Coastal v. Randolph & Kutash
















NUMBER 13-02-00244-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

WESTERN ATLAS INTERNATIONAL, INC.,
WESTERN GEOPHYSICAL COMPANY, AND
COASTAL OIL & GAS USA, L.P.,                                              Appellants,

v.

JEANNETTE HARRISON RANDOLPH,
ROBERT M. RANDOLPH, 
NEIL D. REYNOLDS FARMS, INC., 
AND DARYL KUTACH,                                                                Appellees.
                                                                                                                       

On appeal from the 23rd District Court of Wharton County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Garza
Memorandum Opinion by Justice Hinojosa

          Appellees, Jeanette Harrison Randolph and Robert M. Randolph (collectively “the
Randolphs”), Neal D. Reynolds Farms, Inc. (“Reynolds”) and Daryl Kutach (“Kutach”), sued
appellants, Western Atlas International, Inc. (“Western”) and Coastal Oil and Gas USA,
L.P. (“Coastal”), for trespass, breach of contract, and negligence. The Randolphs leased
the surface of their property to Reynolds, and Reynolds subleased a portion of the property
to Kutach. Kutach used a barn on the property to store hay. On January 22, 1997, the
Randolphs entered into an oil and gas lease with Coastal, giving Coastal the right to use
the Randolphs’ property to explore, drill, and produce oil and gas. Coastal subsequently
contracted with Western to perform seismic operations on the Randolphs’ property. On
January 7, 1998, the barn and hay were destroyed by fire. At trial, appellees asserted the
fire was caused by a smoldering cigarette carelessly discarded by a Western employee
who sought shelter in the barn during a storm. Evidence was presented of several possible
causes of the fire, including a burning cigarette, lightning, or spontaneous combustion of
wet hay. After the jury found for appellees, the trial court signed a judgment against
appellants for more than $150,000. On appeal, Coastal raises seventeen issues. Western
raises eight issues. We reverse and render.
          As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here except as necessary to advise the parties of our decision and the
basic reasons for it. Tex. R. App. P. 47.4.
A. Legal Sufficiency of the Evidence
          In Western’s second issue and Coastal’s twelfth issue, appellants contend the
evidence is legally insufficient to support the jury’s finding that Western negligently caused
the barn fire.
1. Standard of Review 
          When we review a “no evidence” or legal sufficiency of the evidence issue, we must
view the evidence in a light that tends to support the finding of the disputed fact and
disregard all evidence and inferences to the contrary. Bradford v. Vento, 48 S.W.3d 749,
754 (Tex. 2001). A no evidence challenge will be sustained when the record discloses
that: (1) there is a complete absence of evidence of a vital fact; (2) the court is barred by
rules of law or of evidence from giving weight to the only evidence offered to prove a vital
fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the
evidence conclusively establishes the opposite of the vital fact. Merrell Dow Pharms. v.
Havner, 953 S.W.2d 706, 711 (Tex. 1997). If there is more than a scintilla of evidence to
support the finding, the no evidence challenge fails. Stafford v. Stafford, 726 S.W.2d 14,
16 (Tex. 1987). However, when the evidence offered to prove a vital fact is so weak as to
do no more than create a mere surmise or suspicion of its existence, the evidence is not
more than a scintilla and, in legal effect, is no evidence. Kindred v. Con-Chem, Inc., 650
S.W.2d 61, 63 (Tex. 1983). More than a scintilla of evidence exists where the evidence
supporting the finding, as a whole, rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. Havner, 953 S.W.2d at 711.
          Circumstantial evidence can establish an ultimate fact when the fact may be fairly
and reasonably inferred from other facts in the case. Blount v. Bordens, Inc., 910 S.W.2d
931, 933 (Tex. 1995) (per curiam). In cases with only slight circumstantial evidence,
something else must be found in the record to corroborate the probability of the fact's
existence or non-existence. Marathon Corp. v. Pitzner, 106 S.W.3d 724, 729 (Tex. 2003)
(per curiam). A jury may not infer an ultimate fact from “‘meager circumstantial evidence,’
which could give rise to any number of inferences, none more probable than another.” 
Hammerly Oaks v. Edwards, 958 S.W.2d 387, 392 (Tex. 1997).


 A vital fact may not be
established by piling inference upon inference. See Schlumberger Well Surveying Corp.
v. Nortex Oil & Gas Corp., 435 S.W.2d 854, 858 (Tex. 1968).
2. Expert Testimony
          In support of their assertion that the fire was caused by a smoldering cigarette
carelessly discarded by a Western employee, appellees presented the expert testimony
of fire investigator William M. Lane. Lane testified that “a conclusion would be that the
surveying crew might have sought refuge in the barn during the storm and the careless
disregard of smoking paraphernalia was probably the unintentional cause of the fire.”
          Texas courts have held that something “is not so, simply because an expert says
it is so.” Havner, 953 S.W.2d at 712; Gammill v. Jack Williams Chevrolet, 972 S.W.2d 713,
726 (Tex. 1997). “Expert opinions must be supported by facts in evidence, not conjecture.” 
Marathon, 106 S.W.3d at 729. Lane’s opinion constitutes some evidence only if it is
supported by a reliable scientific basis. An expert who presents “little more than his
credentials and a subjective opinion” does not provide any evidence that can support a
judgment. Havner, 953 S.W.2d at 712 (citing Viterbo v. Dow Chem. Co., 826 F.2d 420,
421 (5th Cir. 1987)).
          In his investigation, Lane discovered evidence indicating other possible causes of
the fire. However, he discounted those possibilities. Lane testified that it was the
“deduction of other factors not being the cause of the fire” that formulated his opinion, not
evidence found at the scene. 
          Lane admitted that he found no actual evidence at the site indicating that the fire
was started by a smoldering cigarette. Lane’s assumption that a Western employee may
have entered the barn was based on the presence of an orange paint mark on a downed
tree limb and a series of surveying stakes.
          Lane assumed that members of the Western survey crews smoked. Lane’s
assumption was based on a videotape, which supposedly showed members of a crew
smoking cigarettes on the highway, just north of the driveway leading up to the barn, taken
approximately three or four days after the fire. On cross-examination, Lane admitted that
he had not made the videotape; it was taken by his wife. He acknowledged that when he
viewed the videotape, he could not determine the make of the truck and could not discern
any markings on the truck indicating it belonged to Western. Lane testified he did not know
who the men in the videotape were or for whom they worked.
          “An expert’s simple ‘ipse dixit’ is insufficient to establish a matter; rather, the expert
must explain the basis of his statement to link his conclusions to the facts.” Marvelli v.
Alston, 100 S.W.3d 460, 478 (Tex. App.–Fort Worth 2003, pet. denied) (quoting Earle v.
Ratliff, 998 S.W.2d 882, 890 (Tex. 1999)). Expert testimony is unreliable when it is “not
grounded in the methods and procedures of science, [and] is no more than subjective
belief or unsupported speculation.” Kerr-McGee Corp. v. Helton, 133 S.W.3d 245, 254
(Tex. 2004); E.I. du Pont de Nemours & Co. v. Robinson, 923 S.W.2d 549, 557 (Tex.
1995). If expert testimony is unreliable, it is not evidence. Kerr-McGee, 133 S.W.3d at
254. 
          Lane had no evidence to support his opinion; he relied entirely on assumptions. 
“Some suspicion linked to other suspicion produces only more suspicion, which is not the
same as some evidence.” Marathon, 106 S.W.3d at 728; Columbia Valley Reg’l Med. Ctr.
v. Bannert, 112 S.W.3d 193, 203 (Tex. App.–Corpus Christi 2003, no pet.). Lane’s opinion
testimony is conclusory and speculative, and as such, it does “not [constitute] relevant
evidence, because it does not tend to make the existence of [any] material fact ‘more
probable or less probable.’” Coastal Transp. Co., Inc. v. Crown Cent. Petroleum Corp., 136
S.W.3d 227, 232 (Tex. 2004) (citing Tex. R. Evid. 401).
3. Circumstantial Evidence
          Appellees also presented testimony evidence attempting to show that Western
employees had been in and around the barn area before the day of the fire. Kutach and
Dean Macek, the Randolphs’ neighbor, both testified that the day after the fire they saw
orange paint on a downed tree limb approximately fifty yards from the barn. Kutach
testified that it was the same color paint that he had previously witnessed Western
employees using. Macek testified he assumed a Western employee made the mark on
the tree sometime before the day of the fire because he was out on his property the day
after the fire and he did not see a Western employee marking the tree. In addition,
Reynolds testified that before the fire, he saw stakes on the property near the barn which
he knew belonged to Western.
          Macek testified that the day before the fire, he saw a Western seismic crew using
the gated road between his property and the Randolphs’ property. He said he knew 
someone had driven through the gated road on the day of the fire because they had driven
over the cable for his electric fence, shorting it out. He also testified that he had seen car
tracks in the area. Macek assumed that a Western employee had shorted out the cable
because neither he nor his family nor any of his workers had driven on that road. 
4. Analysis
          The circumstantial evidence presented gives rise to a number of inferences, and the
inference that the fire was caused by a cigarette carelessly discarded by a Western
employee is no more probable than the inference that the fire was started by another
cause. While in many cases a fact-finder may have to infer a vital fact from other facts in
evidence to reach a conclusion, those inferences must be reasonable and logical. 
Hammerly Oaks, 958 S.W.2d at 392. “An inference stacked only on other inferences is not
legally sufficient evidence.” Marathon, 106 S.W.3d at 728.
          The record contains no evidence that a Western employee was in the barn at the
time of the fire. The testimony of Kutach, Reynolds, and Macek shows only that Western
employees were in the area near the barn sometime during the week before the fire. From
this evidence, the jury would have had to infer that: (1) a Western employee entered the
barn on the day of the fire; (2) this particular employee was a smoker; (3) the employee lit
a cigarette while inside the barn; (4) the employee carelessly discarded the cigarette; and
(5) the cigarette was the actual cause of the fire. This clearly constitutes the improper
piling of inference upon inference to establish the vital fact that a Western employee
caused the fire.
          Accordingly, we hold the evidence is legally insufficient to support the jury’s finding
that Western negligently caused the fire. We sustain Western’s second issue and
Coastal’s twelfth issue.  
B. Trespass to Real Property 
          In its ninth issue, Coastal contends it cannot be held vicariously liable for any
possible trespass committed by Western.
          At trial, appellees claimed that after entering the Randolphs’ property, Western
employees traveled in trucks that caused ruts in the road. Reynolds repaired the ruts and
estimated his costs to repair the road at $100. The jury found that $100 would fairly and
reasonably compensate Reynolds “for the repairs to and loss of use of his farming
leasehold.”
          A trespass to real property occurs “when a person enters another’s land without
consent.” Russell v. Am. Real Estate Corp., 89 S.W.3d 204, 208 (Tex. App.–Corpus
Christi 2002, no pet.). “[A] trespasser is liable to the property owner even though there is
no proof of any actual damages in any specific amount.” Meyers v. Ford Motor Credit Co.,
619 S.W.2d 572, 573 (Tex. Civ. App.–Houston [14th Dist.] 1981, no writ) (citing Henry v.
Williams, 132 S.W.2d 633, 634-35 (Tex. Civ. App.–Beaumont 1939, no writ)). However,
“no trespass occurs when the entry is authorized as a matter of law.” Williams v. City of
Dallas, 53 S.W.3d 780, 788 (Tex. App.–Dallas 2001, no pet.) (holding no trespass when
officers entered land pursuant to valid search warrant).  
          In Texas, the mineral estate is the dominant estate; the mineral lessee is impliedly
authorized to use as much of the premises as is reasonably necessary to produce and
remove the minerals authorized by the lease. Ball v. Dillard, 602 S.W.2d 521, 523 (Tex.
1980); Sun Oil Co. v. Whitaker, 483 S.W.2d 808, 810 (Tex. 1972) (per curiam) (op. on
reh’g); Ottis v. Haas, 569 S.W.2d 508, 513 (Tex. Civ. App.–Corpus Christi 1978, writ ref’d
n.r.e.). The granting of a mineral estate would be worthless if the grantee could not enter
upon the land to explore for and extract the minerals granted. Ball, 602 S.W.2d at 523. 
A holder of a surface lease has no legal right to deny the mineral lessee access to the land
for mineral development purposes. Id.
          Here, Reynolds, as the surface lessee, had no legal right to exclude the mineral
lessee, Coastal, from accessing the property for the purpose of developing the minerals. 
When Western entered the property pursuant to a contract with Coastal to conduct seismic
surveys of the land, Western was acting under the authority of the mineral lessee. 
Because Reynolds had no legal right to deny access to the mineral lessee, his permission
was not required for the mineral lessee or his assigned agent to enter onto the land. We
conclude that because Coastal, as the mineral lessee, had authority to enter the property
as a matter of law, Western’s failure to seek Reynolds’ permission before entering did not
constitute a trespass. Coastal’s ninth issue is sustained.
          In response to this issue, Reynolds asserts, in the alternative, that the award of
damages for repair to the farm leasehold should be upheld under the theory of breach of
contract. In the first part of its fifth issue, Western contends that it cannot be held liable
in contract for any damages to the road. 
          In an agreement between the Randolphs and Western, Western agreed that the
seismic crews would traverse the property using four-wheelers and on foot. Reynolds
asserts that his claim for damages to the road should be upheld because he is a third-party
beneficiary of this contract, and the use of trucks was in violation of that agreement. The
record contains no evidence that Reynolds ever asserted this claim before the trial court. 
Further, Reynolds did not request that the jury be charged or instructed on the issue.
          “Upon appeal all independent grounds of recovery . . . not conclusively established
under the evidence and no element of which is submitted or requested are waived.” Tex.
R. Civ. P. 279. Because Reynolds did not assert this claim before the trial court and did
not request that the jury be charged or instructed on the issue, we conclude it is waived
and cannot be raised for the first time on appeal. See Kittyhawk Landing Apts. III v. Anglin
Constr. Co., 737 S.W.2d 90, 93 (Tex. App.–Houston [14th Dist.] 1987, writ ref’d n.r.e.)
(holding contract theories of recovery waived on appeal because appellee failed to submit
issues or instructions at trial). Accordingly, we sustain the first part of Western’s fifth issue.
C. Unauthorized Use of Water 
          In its third issue, Coastal contends it should not be held liable for contract damages
for the unauthorized use of water. In the second part of its fifth issue, Western contends
the use of water was not a breach of any agreement between Western and the Randolphs,
and that the damages are not recoverable by law.
          At trial, appellees claimed that Western employees used fresh water from a well
located on the property, in violation of the oil and gas lease between the Randolphs and
Coastal. Robert Randolph estimated the cost of the water to be $2; the jury found
damages in the amount of $10. We conclude this amount of damages fails under the rule
of de minimis non curat lex, “the law does not concern itself with trifles.” Black’s Law
Dictionary 443 (7th Ed.); see Boorhem-Fields, Inc. v. Burlington N. R.R., 884 S.W.2d 530,
540 n.5 (Tex. App.–Texarkana 1994, no writ) (reversing award of $1.00); HSAM, Inc. v.
Gatter, 814 S.W.2d 887, 892 (Tex. App.–San Antonio 1991, writ dism’d) (op. on reh’g)
(reversing award of $17.95); Thornhill v. Sharpestown Dodge Sales, Inc., 546 S.W.2d 151,
152 (Tex. Civ. App.–Beaumont 1976, no writ) (reversing award of $0.42); Richman Trusts
v. Kutner, 504 S.W.2d 539, 544 (Tex. Civ. App.–Dallas 1973, writ ref’d n.r.e.) (reversing
award of $33).
          Coastal’s third issue and the second part of Western’s fifth issue are sustained.
D. Exclusion of Witnesses
          In two cross-points, appellees contend the trial court erred in excluding the
testimony of two of their witnesses, Compton Creel and John Schiefen. 
          The decision whether to admit or exclude evidence is within the discretion of the trial
court. City of Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995). A reviewing
court looks only to whether the trial court abused that discretion. Robinson, 923 S.W.2d
at 558. An abuse of discretion does not exist merely if the reviewing court would have
ruled a different way under the same circumstances. Loftin v. Martin, 776 S.W.2d 145, 146
(Tex. 1989) (orig. proceeding). The test for abuse of discretion is whether the trial court
acted without reference to any guiding rules or principles, leading to a result that is arbitrary
and unreasonable. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241 (Tex.
1985). 
          During written discovery, a party may request disclosure of the name, address, and
telephone number of any person having knowledge of relevant facts, and a brief statement
of that person’s connection with the case. Tex. R. Civ. P. 194.2(e). Responses to written
discovery must be complete based on all the information reasonably available to the
responding party or its attorney at the time the response is made. Tex. R. Civ. P. 193.1;
see Beam v. A.H. Chaney, Inc., 56 S.W.3d 920, 922 (Tex. App.–Fort Worth 2001, pet.
denied). A party has an affirmative duty to supplement written discovery if that party learns
that a response was “incomplete when made, or, although complete and correct when
made, is no longer complete and correct.” Tex. R. Civ. P. 193.5. This duty to supplement
applies to discovery responses regarding “the identification of persons with knowledge of
relevant facts, trial witnesses, or expert witnesses.” Id. 
          If a party fails to supplement a discovery response, the sanction is “the automatic
exclusion of the testimony of the witness for whom the supplemental information was not
provided.” Torres v. Caterpillar, Inc., 928 S.W.2d 233, 243 (Tex. App.–San Antonio 1996,
writ denied) (citing Boothe v. Hausler, 766 S.W.2d 788, 789 (Tex. 1989)). The trial court
may allow the testimony upon a finding (1) of good cause or (2) that the failure will not
unfairly surprise or unfairly prejudice the other parties. Tex. R. Civ. P. 193.6. A finding of
good cause must be supported by a showing in the record. Alvarado v. Farah Mfg. Co.,
830 S.W.2d 911, 913-14 (Tex. 1992) (op. on reh’g). Whether the failure to supplement
information was intentional or inadvertent is not important; inadvertence of counsel, by
itself, is not good cause. ld. at 915 (citing Sharp v. Broadway Nat’l Bank, 784 S.W.2d 669,
672 (Tex. 1990) (per curiam)).
1. Compton Creel
          Western served written interrogatories on appellees, requesting that appellees
identify any individual who claimed to have knowledge or would testify regarding whether
Western was within 100 yards of the barn. Appellees responded that they were unaware
of any such person, but would supplement if necessary.
          Coastal served written interrogatories on appellees, requesting that appellees
identify all persons with knowledge of facts relevant to appellees’ contention of how the fire
started. Appellees responded “N/A.” 
          Creel was identified in response to appellants’ written interrogatories requesting the
name, address, and telephone number of all persons with knowledge of relevant facts. 
Appellees answered appellants’ interrogatories with the following: “Compton Creel;
Montgomery Road, Wharton, TX 77488.” These answers were served on October 1,
1998, and appellees did not supplement these answers.
          Appellees responded to subsequent “Requests for Disclosure” by referring
appellants to answers previously provided in response to appellants’ interrogatories. While
appellees’ counsel claimed that the address was complete because there was no house
number to include, the record shows that at the time the interrogatories were answered,
Creel’s full address was 1707 Montgomery Road, Wharton, TX 77488. Appellees’ counsel
further asserted that Creel’s telephone number was not included because it was an
unlisted number and appellees did not have it. However, in his deposition, Robert
Randolph testified that Reynolds had been in telephone contact with Creel a few days
before the fire.
          The record further shows that Creel moved from the Montgomery Road address in
May 2000, more than one year before trial, and at the time of trial resided in Little Elm,
Denton County, Texas. Appellants’ counsel attempted to contact Creel approximately one
year before trial but could not locate him. Appellees’ counsel asserted they only learned
of Creel’s current whereabouts “on the eve of trial.” However appellees also acknowledge
making no attempt to supplement their discovery requests or update opposing counsel. 
Creel was not under subpoena and voluntarily came to testify at the request of appellees’
counsel. 
          The trial court pointed out that there is an important distinction between what
knowledge the parties have and what knowledge counsel has. While appellees’ counsel
claimed to be unaware of Creel’s full address and telephone number, there was no
evidence presented that the parties themselves were unaware of the full address and
contact information of one of the tenants on their land.
          It is the duty of the party to answer interrogatories, not counsel. See Tex. R. Civ.
P. 197.2; Walsh v. Mullane, 725 S.W.2d 263, 264 (Tex. App.–Houston [1st Dist.] 1986, writ
ref’d n.r.e.) (holding that trial court abused its discretion in allowing testimony where
witness was not identified as potential witness, and party knew about witness’s knowledge
but did not disclose it to her own attorney until shortly before trial). 
          The record supports the trial court’s finding that appellees acted in bad faith. 
Appellees made no apparent effort to provide complete answers to requests for written
discovery or to update opposing counsel when they became aware of new contact
information. We hold the trial court did not abuse its discretion by excluding the testimony
of Compton Creel. Appellees’ first cross-point is overruled.
2. John Schiefen 
          Appellees never identified Schiefen by name in any of their answers to appellants’
written interrogatories. In response to appellants’ request for the name, address, and
telephone number of all persons with knowledge of relevant facts, appellees answered: 
“All witnesses listed in the expert report by De-Tec Inc., dated February 28, 1998.” The
De-Tec Inc. report identified Schiefen as “a renter of the residence at the dead end of
Macek Road. . . . The residence is physically addressed at 2323 Montgomery Road.” No
additional information was given about Schiefen. Appellees’ counsel claimed that Schiefen
was adequately identified as a potential witness because: (1) they informed appellants that
they intended to use as witnesses “all of the people who actually were living along the lane
where the barn burned down,” and (2) in his deposition, Robert Randolph spoke about
Schiefen and his knowledge of relevant facts.
          Rules 193.1 and 194.2(e) of the Texas Rules of Civil Procedure require that parties
provide complete responses to written discovery and disclose “the name, address and
telephone number of persons having knowledge of relevant facts,” with a brief statement
of their connection to the case. Tex. R. Civ. P. 193.1, 194.2(e). Identifying a general
category of people, without naming individuals or providing specific contact information, is
insufficient to satisfy this requirement. See Vingcard A.S. v. Merrimac Hospitality Sys., 59
S.W.3d 847, 856 (Tex. App.–Fort Worth 2001, pet. denied) (op. on reh’g) (holding that
failure to provide all information requested constitutes failure to respond and triggers
automatic exclusion of testimony).
          Appellants’ counsel cannot be expected to anticipate that any particular person will
be called as a witness just because the person is mentioned in the course of other
discovery and appears to have knowledge relevant to the case. See Snider v. Stanley, 44
S.W.3d 713, 717 (Tex. App.–Beaumont 2001, pet. denied) (holding that parties are not
required to anticipate disclosure of expert witness on eve of trial because issues an expert
would testify about would be important to case). “A party is entitled to prepare for trial
assured that a witness will not be called because opposing counsel has not identified him
or her in response to a proper interrogatory.” Sharp, 784 S.W.2d at 671. The rules are
intended to make unnecessary the sort of anticipation appellees advocate. Snider, 44
S.W.3d at 717.
          During the hearing on the motion to exclude Schiefen’s testimony, appellants’
counsel asserted they had made a good faith effort to find Schiefen, including calling
information and conducting internet searches. Appellees’ counsel acknowledged that
Schiefen was a difficult person to find and asserted that Schiefen’s address was not
disclosed during discovery because they never had an address for him. Schiefen moved
away from the area after the fire. However, the record reflects that when appellees’
counsel acquired new information regarding Schiefen’s whereabouts, shortly before trial,
they did not make any attempt to share that information with opposing counsel. Schiefen
was not under subpoena; appellees’ counsel had contacted him and arranged for him to
testify voluntarily. We hold the trial court did not abuse its discretion in excluding the
testimony of John Schiefen. Appellees’ second cross-point is overruled.
          In view of our disposition of these issues, it is unnecessary to address appellants’
remaining issues. See Tex. R. App. P. 47.1.
          The trial court’s judgment is reversed, and judgment is rendered that appellees take
nothing from appellants.

                                                                           FEDERICO G. HINOJOSA
                                                                           Justice

Memorandum Opinion delivered and filed this
the 24th day of March, 2005.