**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00139-CV**

_____

**MARCUS J. THIRSTRUP, Appellant**

**V.**

**MATTHEW TWOMBLY, Appellee**

**On Appeal from the County Court at Law No. 6**
**Montgomery County, Texas**
**Trial Cause No. 24-33666**

**MEMORANDUM OPINION**

Pro se appellant, Marcus J. Thirstrup, appealed a Default Judgment - Eviction in favor of appellee Matthew Twombly from the Justice of the Peace Court Precinct 3 of Montgomery County, Texas to the County Court at Law Number 6. He now appeals the County Court at Law's judgment on the basis the trial court erred in denying his motion for continuance. For the reasons explained below, we affirm the trial court's judgment.

1

*Background*

In December 2023, landlord Twombly filed an Original Petition in Forcible Detainer seeking to evict tenant Thirstrup from a leased premises in Montgomery County. In January 2024, the Justice Court of Precinct 3 entered a Default Judgment of Eviction in favor of Twombly granting him possession of the residence. Thirstrup filed an appeal of the Justice Court's eviction to the County Court at Law Number 6 and the case was set for hearing on March 1, 2024. The trial court entered a docket control order containing the following statement regarding continuances:

> All continuances <u>must be set for hearing</u> on or before the Friday **BEFORE** Trial to be timely. Notice of Hearing must comply with Rule 10.2 of Montgomery County Rules of Administration for Civil Cases, 10-day notice to all parties. **<u>A MOTION FOR CONTINUANCE SHALL NOT BE HEARD ON THE DAY OF TRIAL. NO CONTINUANCE WILL BE GRANTED ON THE DAY OF TRIAL.</u>**

A copy of the docket control order was sent to both parties. Forty minutes before the scheduled trial on March 1, 2024, Thirstrup filed Defendant's Emergency Motion for Trial Continuance requesting that the trial be reset due to an "ongoing severe medical illness" and that he "lacks the capacity/fitness to attend Trial and/or to adequately represent the matters at issue here." Attached to his Motion for Continuance were a Medical Provider's Declaration and a Defendant's Unsworn Declaration Pursuant to section 132.001 of the Texas Civil Practices and Remedies Code.

2

On March 1, 2024, the trial court signed a Final Judgment, stating that Thirstrup did not appear at trial and that his "emergency motion for continuance was denied." The trial court terminated Thirstrup's right to "occupy the leased premises[,]" and granted Twombly possession. On March 21, 2024, Thirstrup filed a Request for Findings of Fact and Conclusions of Law Pursuant to Rule 296 of the Texas Rules of Civil Procedure. The trial court issued the following Findings of Facts and Conclusions of Law relevant to the issues on appeal:

**FINDINGS OF FACT**

. . . .

6. On February 5, 2024, as noted within the Docket Control Order, the Court Coordinator of County Court at Law No. 6 forwarded the Docket Control Order to both parties via email and mailed same to Defendant at his last known address. The Bench Trial was set for Friday, March 1, 2024, at 1:30 p.m.

7. On February 12, 2024, Defendant filed an answer.

8. On March 1, 2024, at 12:51 PM, Defendant filed a[] *Defendant's Emergency Motion for Trial Continuance* stating therein that Defendant had an "ongoing severe medical illness [and] lacks the capacity/fitness to attend Trial and/or to adequately represent the matters at issue here." Defendant alleged that his continuance request was supported by declaration of medical provider and an unsworn declaration of Defendant pursuant to Tex. R. Civ. P. 132.001 (sic).

9. On March 1, 2024, the Parties case was listed as Number 5 on the Court's docket. When the Court called the Parties' case, Defendant was not present in the courtroom. The Court requested that the Defendant's legal name be called three times outside the courtroom of County Court at Law No. 6. There was no answer. The Court confirmed with the

3

Court Coordinator that Defendant **had not contacted the court** via telephone or email.

10. The Court reviewed Defendant's *Emergency Motion for Continuance* and noted that it was untimely pursuant to the Court's Docket Control Order. Additionally, Defendant was not present to request consideration of Defendant's motion. Therefore, as to the Defendant's *Emergency Motion for Continuance*, the Court denied the continuance as written within the Final Judgment.

*Twombly's Motion to Dismiss Appeal*

As a preliminary matter, we consider Twombly's motion to dismiss Thirstrup's appeal for want of jurisdiction on the basis that Thirstrup's notice of appeal was untimely.[1] The trial court's default final judgment was signed on March 1, 2024. On March 21, Thirstrup filed a Request for Findings of Facts and Conclusions of Law Pursuant to Rule 296 of the Texas Rules of Civil Procedure. On April 15, Thirstrup filed a Notice of Appeal.

Twombly argues Thirstrup cannot benefit from Texas Rule of Appellate Procedure 26.1(a)(4), which extends the deadline to perfect an appeal from 30 days to 90 days if any party filed in the trial court "a request for findings of fact or conclusions of law if findings and conclusions either are required by the Rules of Civil Procedure or, if not required, could properly be considered by the appellate court[.]" According to Twombly, Thirstrup's request was ineffective because it was

---

[1]This Court previously denied Twombly's motion to dismiss for want of prosecution wherein Twombly asserted Thirstrup failed to timely file his brief.

neither required by the rules nor could be properly considered by this Court since findings were already included in the trial court's judgment, and "the requesting of an additional rationale does not extend the appeal perfection deadline when sufficient information has already been presented by the trial court." Twombly cites *Johnston v. McKinney Am., Inc.*, 9 S.W.3d 271, 277 (Tex. App.—Houston [14th Dist.] 1999, pet. denied), but that case addresses whether a trial court is required to make additional findings and conclusions, not whether the appellate deadline is extended by such a request. Twombly's argument also ignores Texas Rule of Civil Procedure 299a which states,

> Findings of fact must not be recited in a judgment. If there is a conflict between findings of fact recited in a judgment in violation of this rule and findings of fact made pursuant to Rules 297 and 298, the latter findings will control for appellate purposes. Findings of fact must be sent as a document or documents separate and apart from the judgment.

Tex. R. Civ. P. 299a.

Twombly also argues that Thirstrup cannot benefit from Texas Rule of Appellate Procedure 26.3 which allows an appellate court to extend the appellate deadline by 15 days, because Thirstrup filed his Notice of Appeal 46 days after the trial court's final judgment and failed to file a motion for extension of the deadline in compliance with Rule 10.5. *See* Tex. R. App. P. 26.3, 10.5.

We need not decide whether Thirstrup's request for findings of fact and conclusions of law extended the deadline, because Thirstrup's Notice of Appeal was

5

timely and properly invoked our jurisdiction under Rule 26.3. *See id.* 26.3. In a regular civil appeal, the notice of appeal must be filed within thirty days of the date on which the order is signed. *Id.* 26.1. March 31 was the thirtieth day after the trial court signed its final order on March 1, but March 31 was a Sunday, meaning the deadline for perfecting the appeal automatically extended to Monday, April 1. *See id.* 4.1(a). Thirstrup filed his notice of appeal 14 days later, on April 15, within Rule 26.3(a)'s 15-day window.[2] *See id.* 26.3(a).

Although Thirstrup did not file a motion for extension of time complying with Rule 10.5(b) as required by Rule 26.3(b), under our precedent this omission is not fatal. *See id.* 10.5(b), 26.3(b). In 2008, we held a notice of appeal was timely because "[a]n extension motion is necessarily implied if a notice of appeal is filed within fifteen days after it was due." *Christus Health Se. Tex. v. Broussard*, 267 S.W.3d 531, 533 (Tex. App.—Beaumont 2008, no pet.) (citing *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997)). Thirstrup may have reasonably believed that since

---

[2]Contrary to Twombly's assertions, April 15 is only 45 days (not 46 days) after March 1. *See* Tex. R. App. P. 4.1(1) (the day of judgment is not included in computing time periods under the rules). Moreover, the rules do not prescribe a 45-day deadline. They prescribe a 30-day deadline which, if it falls on a weekend or holiday, is automatically extended under Rule 4.1(a) to the next business day, potentially followed by an additional 15-day deadline which is also subject to automatic extension under Rule 4.1(a). In this case, Thirstrup's deadline fell on April 16, even though that was 46 days after March 1, because April 16 was the fifteenth day after the first business day after the thirtieth day after March 1.

6

he had filed a request for findings of fact and conclusions of law, his notice of appeal was timely under Rule 26.1(a)(4) without the necessity of a motion for extension of time under Rules 26.3(b) and 10.5. *See* Tex. R. App. P. 26.3(b), 10.5 ("A party's mistaken belief that no extension was required because the notice of appeal was timely reasonably explains the failure to file a motion for an extension of time."). Additionally, the Texas Supreme Court, citing *Verburgt,* recently cautioned appellate courts from dismissing appeals "for a procedural defect whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal[.]" *In re Est. of Wheatfall*, No. 24-0778, 2026 Tex. App. LEXIS 121, at *12 n.3 (Tex. Feb. 13, 2026).

We conclude Thirstrup's notice of appeal was timely filed and properly invoked our jurisdiction. *See Broussard*, 267 S.W.3d at 533; *Verburgt*, 959 S.W.2d at 617; Tex. R. App. P. 4.1(a), 26.3. Having determined that we have jurisdiction, we now move on to the merits of this appeal.

*Issue One*

In his first issue, Thirstrup argues the trial court abused its discretion when it denied his motion for continuance. According to Thirstrup, he sought an emergency continuance because he was unable to attend trial due to an "acute neuro/endocrine condition." He contends that the trial court erred when it denied his motion because "Thirstrup himself was not present in court to argue the motion[,]" although he

7

provided two declarations in his motion stating he was unable to attend "due to his medical condition." According to Thirstrup, the record is "abundantly clear" that the trial court did not consider "(1) whether there was any meritorious excuse for the emergency motion being 'untimely' or (2) whether there was any meritorious excuse for Thirstrup not being present in court to argue the motion."

An appellate court will not reverse a judgment based on a denial of a motion for continuance absent a clear abuse of discretion. *See BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002); *Snider v. Stanley*, 44 S.W.3d 713, 718 (Tex. App.—Beaumont 2001, pet. denied). An abuse of discretion occurs when the trial court "'reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *Marchand*, 83 S.W.3d at 800 (quoting *Johnson v. Fourth Ct. of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985)).

Texas Rule of Civil Procedure 251 requires a party seeking a continuance to show sufficient cause by affidavit, consent of the parties, or operation of law as support for the motion. Tex. R. Civ. P. 251. "A motion for continuance must be in writing, state the specific facts supporting the motion, and be verified or supported by an affidavit." *Serrano v. Ryan's Crossing Apartments*, 241 S.W.3d 560, 564 (Tex. App.—El Paso 2007, pet. denied). Although Thirstrup's motion for continuance was not supported by affidavit, it was supported by two unsworn declarations which, by statute, may be used in lieu of affidavits. *See* Tex. Civ. Prac. & Rem. Code Ann. §

8

132.001; *Saldivar v. Centric Operations, LLC*, No. 09-24-00022-CV, 2025 Tex. App. LEXIS 6972, at *7 n.2 (Tex. App.—Beaumont Aug. 20, 2025, no pet.).

Twombly argues the declarations do not comply with section 132.001 because neither includes the signer's date of birth, and Leslie Ford, Thirstrup's medical provider, includes her business address but not her residential address. *See Hays St. Bridge Restoration Grp. v. City of San Antonio*, 570 S.W.3d 697, 702, n.15 (Tex. 2019) ("The declaration is unverified, and while it states that it is made under penalty of perjury, it lacks the statutorily required jurat for a declaration in lieu of an affidavit. As such, it provides no support for the motion."). Since *Hays*, our sister courts have examined section 132.001(d) and have arrived at varying determinations regarding the effect of noncompliance with section 132.001(d). *See Baylor Scott & White v. Project Rose MSO, LLC*, 633 S.W.3d 263, 291 (Tex. App.—Tyler 2021, pet. denied) (internal quotations omitted) (holding that a declaration was sufficient under 132.001(d), because although it did not include the declarant's birth date and address, "the key to an unsworn declaration is that it must be signed under penalty of perjury"); *In re Chaudhary*, No. 01-25-00865-CV, 2026 Tex. App. LEXIS 1063, at *2-4 (Tex. App.—Houston [1st Dist.] Feb. 4, 2026, no pet.) (mem. op.) (Gunn, J., concurring) (discussing *Hays* and subsequent rulings in our sister courts); *Mock v. St. David's Healthcare P'ship, LP LLP*, No. 03-22-00708-CV, 2025 Tex. App. LEXIS 8614, at *13-14 (Tex. App.—Austin Nov. 7, 2025, no pet.) (mem. op.)

9

(noting the court is bound by *Hays* and holding the trial court did not abuse its discretion by striking a declaration under section 132.001 because the declaration did not include the declarant's birth date and address); *Jackson v. Diamond D Realty*, No. 06-23-00028-CV, 2023 Tex. App. LEXIS 6282, at *14 (Tex. App.—Texarkana Aug. 17, 2023, no pet.) (mem. op.) (Holding that a declaration under section 132.001 was sufficient because the "declaration established that it was signed under penalty of perjury, we apply the precedent of the Tyler Court and will consider it as summary judgment evidence."); *Howard v. Underwood FLP, Ltd*., No. 02-22-00286-CV, 2023 Tex. App. LEXIS 3619, at *9 n.3 (Tex. App.—Fort Worth May 25, 2023, no pet.) (mem. op.) (overruling on other grounds but noting that the appellant's "supplemental declaration" did not comply with section 132.001(d)'s jurat requirements); *In re Cook Compression LLC*, No. 04-20-00517-CV, 2020 Tex. App. LEXIS 9214, at *8-9 (Tex. App.—San Antonio Nov. 25, 2020, no pet.) (mem. op.) (Holding that "the declaration substantially complies with the jurat[,]" because although it excluded the declarant's birthday, it included the "operative part of the jurat, which is the portion subjecting [the declarant] to the penalty of perjury.").

In 2023, we held that an unsworn declaration was insufficient under section 132.001 because it failed to include the declarant's birth date and the statement "I declare under penalty of perjury that the foregoing is true and correct." *In re Battles*, No. 09-23-00219-CR, 2023 Tex. App. LEXIS 5258, at *3 (Tex. App.—Beaumont

10

July, 19, 2023, no pet.) (orig. proceeding) (mem. op.) (internal quotations omitted). We later held that for an unsworn declaration under section 132.001 "[t]o be effective as a substitute for an affidavit, an unsworn declaration must be made under penalty of perjury so the State may prosecute the person who signs it for perjury if the person makes a false statement in the unsworn declaration filed to support the petition." *In re Thibodeaux*, No. 09-23-00217-CR, 2023 Tex. App. LEXIS 6234, at *2 (Tex. App.—Beaumont Aug. 16, 2023, no pet.) (mem. op.).

In this case, we need not decide whether the unsworn declarations attached to Thirstrup's motion for continuance sufficiently complied with section 132.001(d), because we conclude that even if the trial court was required to consider the declarations, the trial court did not abuse its discretion in denying Thirstrup's motion.

In his motion for continuance, Thirstrup argues that because of a medical emergency he was unable to appear at trial or adequately represent himself, and he needed time to obtain trial counsel. In his declaration, Thirstrup lists five separate dates, "among others" on which he had "been to the doctor's office to treat this condition[.]" The dates listed were ten, nine, eight, three and two days before trial. He states that his condition "prevented [him] from being able to obtain counsel on an expedited basis in time for today's trial." Thirstrup does not state, and the record does not indicate, that he ever notified the trial court before the March 1st trial date

11

that he had a medical condition or that he may need to delay the trial. Nonetheless, he notes he attempted to reach Twombly's counsel for a joint motion for continuance with no success, demonstrating his knowledge that he would need a continuance before March 1st.

Thirstrup had the burden to establish sufficient cause for a continuance, and we cannot say the trial court abused its discretion in denying the motion when the record shows that Thirstrup was aware at least ten days before trial that he might be incapacitated and need the assistance of counsel and that he attempted to reach opposing counsel to discuss a joint motion for continuance, yet he delayed until the day of trial to file a motion bringing these issues to the court's attention and then, without contacting the court or obtaining a ruling, did not attend trial. *See* Tex. R. Civ. P. 251 ("nor shall any continuance be granted except for sufficient cause").

*Issue Two*

In his second issue, Thirstrup argues that his due process rights were violated by the trial court's docket control order that required any motion for continuance to be set for a hearing the Friday before trial with ten days' notice. Thirstrup failed to preserve this complaint for our review because although the trial court ruled on his motion, he failed to raise a due process challenge in the trial court and, therefore, did not obtain a ruling on the issue. *See Childress v. Palo Pinto City*, No. 14-19-00783-CV, 2021 Tex. App. LEXIS 7991, at *3-4 (Tex. App.—Houston [14th Dist.] Sept.

12

30, 2021, no pet.) (mem. op.) (citing *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003)); *see also* Tex. R. App. P. 33.1 (holding that the appellant's due process claim for his motion for continuance was not preserved for appeal because he did not raise it in the trial court and obtain a ruling). We overrule Thirstrup's second issue, and we affirm the trial court's judgment.

   AFFIRMED.


            KENT CHAMBERS
              Justice

Submitted on August 22, 2025
Opinion Delivered April 9, 2026

Before Johnson, Wright and Chambers, JJ.