**AFFIRMED; Opinion Filed August 16, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01459-CV

### STEVEN E. LAU, TRUSTEE OF THE STEVEN E. LAU TRUST, STEVEN E. LAU, INDIVIDUALLY, AND KEN NORRIS, Appellants
### V.
### JAMES REEDER AND EDDIE CORBITT, Appellees

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-98-00869-D**

## MEMORANDUM OPINION

Before Justices Bridges, Evans, and Richter[1]
Opinion by Justice Evans

Steven E. Lau, trustee of the Steven E. Lau Trust, Steven E. Lau, individually, and Ken

Norris (collectively Lau unless context requires otherwise) appeal from the trial court's order

granting summary judgment in favor of James Reeder and Eddie Corbitt and dismissing Lau's

claims against them. In nine issues, Lau generally asserts the trial court erred in (1) denying two

discovery motions, (2) overruling objections to certain summary judgment evidence, (3) granting

summary judgment to Reeder and Corbitt because Lau's summary judgment evidence raised fact

---

[1] The Hon. Martin Richter, Justice, Assigned

issues on each cause of action, and (4) concluding it lacked subject matter jurisdiction to address Lau's alter ego claims arising under the business corporations act. For the reasons that follow, we affirm the trial court's judgment.

## BACKGROUND

This appeal arises from Lau's damages lawsuit alleging Reeder and Corbitt fraudulently induced Lau into selling shares of New Grand International Corporation stock to Hoist Holdings, Inc., a holding company created by Reeder and Corbitt. The case was originally before us in 2001 when Lau appealed from an earlier summary judgment granted in favor of Reeder and Corbitt. *Lau v. Corbitt,* No. 05-00-1020-CV, 2001 WL 910931, at *1 (Tex. App.—Dallas Aug. 13, 2001, pet. denied) [hereinafter *Lau 1*] (mem. op., not designated for publication).[2] We reversed the summary judgment concluding that Lau adequately pleaded fraud in the inducement, that evidence regarding Reeder's and Corbitt's alleged misrepresentations was admissible parole evidence, and that the summary judgment evidence raised genuine issues of material fact.[3] *Id.* at *4–*6. Accordingly, we remanded the cause to the trial court for proceedings consistent with our opinion. *Id.* at *6.

On remand, the cause was set for trial in May 2003, November 2003, and then again, in April 2004. On January 27, 2004, Lau moved to compel Reeder and Corbitt to answer discovery propounded in November 2003.[4] The trial court denied the motion on March 1, 2004. Two days

---

[2] Lau's claims for fraud and breach of contract against the remaining defendants, New Grand and Hoist, were tried to a jury. *Lau 1*, 2001 WL 910931, at *1. The trial court rendered judgment on the jury's verdict awarding Lau and Norris each $826,000 in actual damages, $150,000 in exemplary damages, plus interest and attorney's fees. Norris was also awarded title to a 1992 automobile.

[3] Although Lau had asserted negligent misrepresentation and fraud claims against Reeder and Corbitt, Lau challenged the trial court's summary judgment only on the fraudulent inducement claim.

[4] Reeder and Corbitt served their objections and responses to Lau's discovery requests in December 2003.

later, Lau filed an emergency motion to obtain discovery. Before the motion was heard, however, the case was abated due to New Grand's filing for bankruptcy. The case was not reopened for more than six years, in June 2010. In May 2011, Lau filed a supplement to the 2004 emergency discovery motion reurging his discovery requests. The trial court denied the motion on May 18, 2011. Over three years later, in August 2014, Lau filed a fifth amended petition adding a theft liability claim against Corbitt, and a civil conspiracy claim against Reeder and Corbitt in addition to the other claims previously asserted against them. Lau also alleged that Reeder and Corbitt were individually liable for the judgment he obtained against Hoist and New Grand.

Reeder and Corbitt again moved for summary judgment on all claims against them, asserting numerous traditional and no evidence grounds. Lau filed a response opposing the motion and objecting to certain summary judgment evidence attached to Reeder and Corbitt's motion. After a hearing, the trial court signed an order overruling Lau's evidentiary objections and granted the summary judgment. The summary judgment order also disnmissed Lau's "alter ego" liability claims against Reeder and Corbitt for want of subject matter jurisdiction. This appeal followed.

## ANALYSIS

We begin by noting some basic requirements for an appellate brief. In general, a brief must state concisely all issues for review and reveal the legal questions we are called upon to decide. *See* TEX. R. APP. P. 38.1(f); *Bolling v. Farmers Branch Indep. Sch. Dis.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.). The appellate rules also require a brief to contain a clear and concise argument for the contentions made with appropriate citations to authorities and the record. TEX. R. APP. P. 38.1(i). We have no right or obligation to search through the record to find facts or research relevant law that might support an appellant's position because doing so

–3–

would "improperly transform this Court from neutral adjudicators to advocates." *Chappell v. Allen*, 414 S.W.3d 316, 321 (Tex. App.—El Paso 2013, no pet.) (citing *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.)).

Lau's brief identifies nine issues. The first issue complains of the trial court's ruling on the admissibility of summary judgment evidence; the second issue generally questions whether a fact issue was raised on Lau's various causes of action; the third, fifth, sixth, and seventh issues question whether a fact issue was raised on identified causes of action asserted by appellant; the fourth issue asserts the trial court erred in dismissing Lau's alter ego claims pursuant to the business corporations act; the eighth issue challenges the trial court's March 1, 2004 discovery ruling; and the ninth issue challenges the trial court's May 18, 2011 discovery ruling.

Lau's "Table of Contents" indicates that the argument portion of the brief for all nine issues is located on pages 18 to 94 without any indication or notation as to where specific issues are addressed. The brief's 77-page "Argument" section also does not denote where each of the nine issues is discussed and the only arguable headings in this section do not identify the issues to which they are attached. We nonetheless construe Lau's brief liberally to reach appellate issues on the merits where possible. *See Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (per curiam).

### A.   Discovery Rulings

In two issues, Lau contends the trial court abused its discretion in denying (1) his 2004 motion to compel Reeder and Corbitt to answer interrogatories and produce tangible items in response to requests for production and to extend discovery deadline, and (2) his emergency motion to obtain discovery after presumptive discovery deadline and supplement to his emergency motion. Lau contends that because this case was filed before January 1, 1999, the trial court abused its discretion in applying rule 190 of the rules of civil procedure to conclude

–4–

his discovery requests were served after the expiration of the discovery period.[5]  Lau does not identify in his brief the specific evidence sought or explain its materiality.  He argues simply that because the trial court erred in denying his motions, we should vacate the trial court's discovery orders and order Reeder and Corbitt to serve "fully responsive discovery responses" to his requests.

We review a trial court's discovery rulings under an abuse of discretion standard.  *Dolenz v. The State Bar of Tex.*, 72 S.W.3d 385, 387 (Tex. App.—Dallas 2001, no pet.).  Before we may reverse an erroneous discovery ruling, however, the complaining party must demonstrate that the erroneous ruling probably resulted in the rendition of an improper judgment or show that the ruling prevented him from properly presenting his case on appeal.  *See* TEX. R. APP. P. 44.1(a). Lau's entire argument for these two issues is devoted to whether the trial court erred in denying his discovery motions. A party cannot simply complain about the trial court's discovery ruling without explaining the substance of the requested discovery and how the discovery would have aided him in responding to the summary judgment motion.  *See Brown v. Brown*, 145 S.W.3d 745, 749 (Tex. App.—Dallas 2004, pet. denied) (affirming denial for request for continuance where appellant failed to explain need for further discovery).  Because Lau has provided no discussion or analysis addressing how he was harmed by trial court's discovery rulings with respect to the claims on which the trial court granted summary judgment, these two issues are inadequately briefed and present nothing for us to review.

---

[5] A November 9, 1998 supreme court order provides that Rule 190 applies to all cases filed on or after January 1, 1999, but a court may adopt an appropriate discovery control plan in previously filed cases.  See Supreme Court of Tex., *Final Approval of Revisions to the Texas Rules of Civil Procedure,* Misc. Docket No. 98-9296 (Nov. 9, 1998).  Lau argues that because his case was filed in 1998, the discovery period ended on the date of trial.  See Supreme Court of Tex., *Technical Corrections to the Revisions of the Texas Rules of Civil Procedure*, Misc. Docket No. 98-9224 (Dec. 31, 1998).

### B. Objections to Summary Judgment Evidence

Lau argues that the trial court erred in overruling his objections to certain summary judgment evidence. Specifically, he asserts that (1) Reeder and Corbitt improperly relied on pleadings, motions, and orders as summary judgment evidence, and (2) the trial court should have struck certain self-serving statements in Reeder's and Corbitt's affidavits.

We review a trial court's rulings on objections to summary judgment evidence for an abuse of discretion. *See Owens v. Comerica Bank*, 229 S.W.3d 544, 548 (Tex. App.—Dallas 2007, no pet.). To establish reversible error on an evidentiary complaint, the complaining party must show the trial court erred in considering the evidence and the error probably caused rendition of an improper judgment in the case. *See City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753–54 (Tex. 1995) (successful challenge to evidentiary ruling requires showing that the judgment turns on particular evidence excluded or admitted). To support his position that this evidence was improperly admitted, Lau generally cites to cases stating that pleadings are not competent summary judgment evidence and cases holding that self-serving statements of interested parties testifying as to what they knew or intended are not readily controvertible and thus cannot support summary judgment. But, as with his complaints concerning the trial court's discovery rulings, Lau never discusses or provides any argument explaining how the allegedly erroneously admitted evidence was controlling on a material issue dispositive to the trial court's summary judgment or how the outcome would have been different had the trial court sustained his objections. Accordingly, Lau has failed to meet his burden of establishing reversible error with respect to this complaint. *See* TEX. R. APP. P. 44.1.

## C.     Fraudulent Inducement[6]

Fraudulent inducement is a specific type of fraud that requires the elements of a fraud claim to be established as they relate to an agreement between the parties. *See Holloway v. Dekkers*, 380 S.W.3d 315, 324 (Tex. App.—Dallas 2012, no pet.). Thus, to prevail on this claim, Lau must show (1) Reeder and Corbitt made a false material misrepresentation with knowledge that it was false when made or that they asserted without knowledge of its truth or falsity, (2) that Reeder and Corbitt intended the misrepresentation to be acted on, (3) that Lau relied on the misrepresentation, and (4) that the misrepresentation caused injury. *Anglo-Dutch Petroleum Int'l, Inc. v. Case Funding Network, LP*, 441 S.W.3d 612, 627 (Tex. App.—Houston [1st Dist.] 2014, pet. denied).

Among other grounds, Reeder and Corbett moved for summary judgment on Lau's fraudulent inducement claims asserting Lau expressly disclaimed reliance on any and all misrepresentations made by them, including the misrepresentations listed in paragraph 17(a-h) of Lau's fifth amended petition. Reeder and Corbett specifically asserted that language in the parties' initial stock purchase agreement that "no promise, representation, warranty or covenant not included in this Agreement or any such referenced agreements has been or is relied upon by either party" and that "Each party has relied upon its own examination of the full Agreement and

---

[6] Reeder and Corbitt also moved for summary judgment on Lau's negligent misrepresentation claims against them. In his response to the motion below, however, Lau acknowledged that his negligent misrepresentation claims "did not survive the summary judgment that was previously granted and appealed in this case." Moreover, Lau has not presented a specific issue or any argument in his brief in this appeal complaining that the trial court erred in granting summary judgment on his negligent misrepresentation claims. Because Lau fails to challenge the trial court's summary judgment as to his negligent misrepresentation claim, we presume the grounds raised to defeat this claim were valid and will affirm the summary judgment as to this claim without further discussion. *See Cuidado Casero Home Health of El Paso, Inc., v. Ayuda Home Health Care Servs., LLC*, 404 S.W.3d 737, 743–44 (Tex. App.—El Paso 2013, no pet.). Nevertheless, we note that our analysis of the disclaimer-of-reliance ground applies equally to Lau's negligent misrepresentation claim as justifiable reliance is also a required element of that claim. *See Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).

the provisions thereof, and the counsel of its own advisors, and the warranties, representations, and covenants expressly contained in this Agreement itself" conclusively negated the reliance element necessary for Lau's fraudulent inducement claims. We agree.

Proof of justifiable and detrimental reliance is a required element for fraudulent inducement. *See Haase v. Glazner*, 62 S.W.3d 795, 798 (Tex. 2001). Contracting parties may disclaim reliance of certain representations and such a disclaimer can negate a fraudulent inducement claim if the parties' intent is clear and specific. *See Italian Cowboys Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 332 (Tex. 2011). Whether an adequate disclaimer of reliance exists is a question of law. *See Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 55 (Tex. 2008). We first examine whether the parties have used "clear and unambiguous language" to disclaim reliance on representations and, if so, then look to the circumstances surrounding the contract's formation to determine whether the provision is binding on the parties. *See Italian Cowboy*, 341 S.W.3d at 336, 337 n.8.

The provisions quoted above affirmatively state that neither party had "relied" upon any representations outside the initial stock purchase agreement or other referenced agreements. Moreover, the agreement confirms Lau "has relied upon its own examination of the full Agreement and the provisions thereof, and the counsel of its own advisors, and the warranties, representations, and covenants expressly contained" in the initial stock purchase agreement. Accordingly, the language clearly and unequivocally disclaims reliance. *See id*. The circumstances surrounding the contract formation also support the conclusion that the disclaimer should be binding on the parties. It is undisputed that the agreement was negotiated between the parties at arms' length with the assistance of licensed attorneys.

Lau also argues that the merger clause does not preclude reliance on representations contained in the agreement, asserting that his fraudulent inducement claims include a claim that

Reeder and Corbitt knew that Hoist would not comply with its contractual obligations. Our review of Lau's live pleading, however, does not include a fraudulent inducement claim based upon representations in the contract. Moreover, Lau provides no discussion or legal authority to support this contention nor does he identify the representations on which this argument is based. Accordingly, Lau has waived the argument by inadequate briefing. *See* TEX. R. APP. P. 38.1(i). Because the disclaimer of reliance language in the initial stock purchase agreement conclusively negated the reliance element of Lau's fraudulent inducement claim, the trial court did not err in granting Reeder and Corbitt summary judgment on this claim.

In reaching our conclusion, we necessarily reject Lau's argument that the law of the case doctrine precluded the trial court from granting summary judgment based on the disclaimer provisions in the initial stock purchase agreement. Lau's argument is based on the contention that in the previous appeal, we rejected the contention that the merger clause disclaimed reliance on the representations forming the basis of Lau's fraud claim.

Under the law of the case doctrine, a court of appeals is ordinarily bound by its prior decision if there is a subsequent appeal in a case. *Gotham Ins. Co. v. Warren E & P, Inc.*, 455 S.W.3d 558, 562 n.8 (Tex. 2014). The doctrine is based on public policy and intended to achieve uniformity of decision in addition to judicial economy and efficiency. *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986). But application of the doctrine is flexible and must be left to the discretion of the court "under the particular circumstances of each case." *Gotham Ins. Co.*, 455 S.W.3d at 562 n.8.

In the first appeal, we noted that Lau contended that the trial court erred in granting summary judgment on the ground that the merger clause negated the reliance element of fraudulent inducement. *Lau 1*, 2001 WL 910931 at *3. We also acknowledged Lau's argument that the merger clause did not bar parol evidence of the alleged misrepresentations to establish

–9–

fraud. *Id*. Although we went on to discuss the parol evidence rule and concluded that it did not serve as a bar to the admissibility of the alleged admissions, we did not address or analyze either the disclaimer-of-reliance or merger clauses in the initial stock purchase agreement. Accordingly, the law of the case doctrine did not preclude Reeder and Corbitt from reasserting the disclaimer-of-reliance and merger clauses as grounds for summary judgment on Lau's fraudulent inducement and negligent misrepresentation claims. And we likewise are not precluded from affirming the trial court's summary judgment on these causes of action based on the disclaimer-of-reliance clauses.

### D. Texas Theft Liability Act

Among other grounds, Reeder and Corbitt moved for summary judgment on Lau's claims against Corbitt under the Texas Theft Liability Act asserting it was barred by the two-year statute of limitations. It is undisputed that acts upon which the theft liability claim is based occurred in April through September of 1997. Lau first asserted a theft liability claim against Corbitt, however, in his fifth amended petition filed on August 20, 2014. Lau contends the theft liability claim is not time-barred because the claim relates back to his first amended petition filed on March 3, 1999 in which he asserted a conversion claim against New Grand with respect to proceeds of certain accounts receivable.

Section 16.068 of the civil remedies and practice code provides that a subsequent pleading that changes the facts or grounds of liability is not barred by limitations if it relates back to a cause of action not subject to a plea of limitation, unless the subsequent pleading is wholly based on a new, distinct, or different transaction or occurrence. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.068 (West 2015). "The relation-back doctrine does not affect the running of limitations on a cause of action; rather it defines what is to be included in 'the action to which limitations applies." *Univ. of Tex. Health Sci. Ctr. at San Antonio v. Bailey*, 332 S.W.3d 395,

–10–

400 (Tex. 2011). For purposes of the statute, a transaction is a set of facts that gives rise to the cause of action premised thereon. *Brewster v. Columbia Med. Ctr. of McKinney Subsidiary, L.P.,* 269 S.W.3d 314, 317–18 (Tex. App.—Dallas 2008, no pet.). Here, the only claims asserted against Corbitt in Lau's first amended petition were based on representations Corbitt allegedly made during contract negotiations. However, Lau's theft liability claim against Corbitt is based upon completely distinct factual allegations that Corbitt appropriated (1) sums Hoist or New Grand collected on accounts receivables allegedly belonging to Lau by crediting the sums to newer accounts belonging to Hoist or Grand, or (2) accounts receivables belonging to Lau by "'writing off' (i.e., forgiving) outstanding balances on accounts receivables belonging to Plaintiffs when he had no right to do so."

Lau has provided no discussion or cited any legal authority to support his contention that the relation-back doctrine can be applied to save a new cause of action against a defendant from a limitations defense based on a cause of action he asserted against a different defendant, i.e., New Grand. Accordingly, Lau has not established the trial court erred in granting summary judgment on his theft liability claim based on limitations.

### E. Civil Conspiracy[7]

A civil conspiracy claim requires one to prove (1) a combination of two or more persons, (2) an object to be accomplished (either an unlawful purpose or a lawful purpose by unlawful means), (3) a meeting of the minds on the object or course of action, (4) one or more unlawful,

---

[7] Lau's fifth amended petition does not specifically assert a civil conspiracy claim but does contain a section asserting "Liability of Reeder and Corbitt as Agents of One Another and Liability of Hoist." Lau asserts that allegations under this section that Reeder and Corbitt were acting "individually and on behalf of each other, within the scope of their actual or apparent authority of each other and/or in the furtherance of a common fraudulent scheme" constitutes a cause of action for civil conspiracy. For purposes of our discussion we assume, without deciding, Lau is correct that his agency allegations are sufficient to raise a civil conspiracy claim.

overt acts, and (5) resulting damages. *See Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 675 (Tex. 1998). A defendant's liability for a conspiracy claim, however, is dependent upon participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable. *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996).

Lau asserts the underlying tort for his civil conspiracy claim is the fraudulent inducement claim. Having already concluded that the trial court properly granted summary judgment against Lau on the fraudulent inducement claim, Lau's derivative civil conspiracy claim necessarily fails as a matter of law. *See id; West Fork Advisors, LLC v. SunGard Consulting Servs., LLC*, 437 S.W.3d 917, 920–21 (Tex. App.—Dallas 2014, pet. denied).

### D. Liability under Section 21.223 of the Texas Business Corporations Act[8]

In his live pleading, Lau alleged Reeder and Corbitt were liable for the judgment previously rendered against Hoist and New Grand because "they were shareholders, owners or affiliates of Hoist and New Grand and they caused Hoist and New Grand to be used for the purpose of perpetrating, and did perpetrate an actual fraud on Plaintiffs primarily for their own personal benefit." Like his conspiracy claim, this statutory alter ego claim appears to be dependent on Lau's fraudulent inducement claim. In light of our conclusion that the trial court properly granted summary judgment on Lau's fraudulent inducement claim, his alter ego claim also falls.

In their summary judgment motion, Reeder and Corbitt also asserted that the claim for liability for the previous judgment failed as a matter of law because the judgment is dormant and

---

[8] In Lau's appellate brief, he refers to article 2.21A(2) of the Texas Business Corporations Act. Article 2.21A expired effective January 1, 2010 and has been codified in substantially the same form in section 21.223 of the Business Organizations Code. *See SSP Partners v. Gladstrong Invs. (USA) Corp.*, 275 S.W.3d 444, 456 n.57 (Tex. 2008). We refer to the current enactment in our discussion.

cannot be revived. On April 13, 2000 the trial court signed a final judgment against the corporate defendants Hoist and New Grand in accordance with the jury verdict. That judgment also incorporated the earlier interlocutory summary judgment in favor of Reeder and Corbitt. No appeal was taken from the judgment against Hoist and New Grand. Reeder and Corbitt argued among other things that it is undisputed that the court did not issue a writ of execution on the judgment against Hoist and New Grand.

On appeal, in two paragraphs without citation to any legal authority, Lau argues the prior judgment against Hoist and New Grand is not dormant because it "ceased to be a final judgment" when the fraudulent inducement claims were remanded to the trial court in the first appeal and "only again became a final judgment when the court rendered its October 13, 2014 summary judgment order in favor of Reeder and Corbitt. He also contends New Grand's bankruptcy prevented the judgment from becoming dormant and precluded any abstract of judgment from being filed. Bare assertions of error without argument or authority, waive error. *See Fredonia State Bank v. Gen Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994). Lau's failure to present any legal authority or analysis to support his contentions results in a waiver of this issue on appeal. Because Lau has not established that the underlying judgment against the corporations for which he seeks to hold Reeder and Corbitt individually liable pursuant to section 21.223 of the Texas Business Corporations Act is still enforceable, he has not demonstrated the trial court erred in dismissing this claim.

**CONCLUSION**

Having concluded that Lau has failed to demonstrate any reversible error with respect to the nine issues presented, we affirm the trial court's judgment in favor of Reeder and Corbitt.

/David Evans/
_____
DAVID EVANS
JUSTICE

141459F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STEVEN E. LAU, TRUSTEE OF THE
STEVEN E. LAU TRUST, STEVEN E.
LAU, INDIVIDUALLY, AND KEN
MORRIS, Appellants

No. 05-14-01459-CV        V.

JAMES REEDER AND EDDIE CORBITT,
Appellees

On Appeal from the County Court at Law
No. 4, Dallas County, Texas
Trial Court Cause No. CC-98-00869-D
Opinion delivered by Justice Evans, Justices
Bridges and Richter participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees James Reeder and Eddie Corbitt recover their costs of this appeal from appellants Steven E. Lau, Trustee of the Steven E. Lau Trust, Steven E. Lau, Individually, and Ken Morris.

Judgment entered this 16th day of August, 2016.